FILED

L. CHRISTOPHER HINKLE (SBN 225302)
EMAIL: chris@chrishinklelaw.com
HINKLE LAW FIRM
484 Mobil Avenue, Suite 17
Camarillo, CA 93010
Telephone: (805) 437-1712
Facsimile: (805) 437-1725

12 AUG -6 PM 12: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Plaintiff
GABRIEL AMARO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GABRIEL AMARO, an individual,

    Plaintiff,

vs.

THE CITY OF SAN BUENAVENTURA,
THE SAN BUENAVENTURA POLICE
DEPARTMENT, OFFICER ERIC JACKSON,
AND DOES 1-10, Inclusive.

    Defendants.

Case No.: CV12-06735 VBK

Assigned to the Honorable:

**COMPLAINT FOR DAMAGES**

1. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983, 4th and 14th Am.)
2. VIOLATION OF CIVIL RIGHTS (Monell and City of Canton)
3. BATTERY
4. NEGLIGENCE
5. NEGLIGENT HIRING
6. VIOLATION OF CCP § 52.1

**DEMAND FOR JURY TRIAL**

Now comes Plaintiff, Gabriel Amaro, who alleges the following:

**JURISDICTION AND VENUE**

1. This is a complaint for money damages by plaintiff arising under 42 U.S.C. §§ 1983 and 1988. Plaintiff seeks redress for deprivation of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and by the laws and Constitution of the State of California.

2. Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights) as the cause of action arises under 42

U.S.C. §1983. The state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367.

3. The acts complained of arose in the Central District of California. Therefore, venue properly lies here pursuant to 28 U.S.C. §1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more defendants reside in or has its principal place of business in the Central District of California.

**PARTIES**

4. Plaintiff, Gabriel Amaro, at all times material herein, was an adult citizen residing in Ventura County, California within the jurisdiction of the United States District Court, Central District of California.

5. At all times material herein, defendant City of San Buenaventura, (hereinafter "CITY"), was a governmental entity incorporated in 1933 as a charter city duly organized under the laws of the County of Ventura and the State of California. CITY is located in the Central District of California.

6. At all times material herein, defendant Ventura Police Department ("VPD") was a public entity responsible for providing law enforcement for defendant CITY, including hiring, supervising, training, and managing local police officers.

7. At all times mentioned herein, defendant VPD was responsible for overseeing the operation, management, and supervision of its personnel and is liable for the negligent and reckless acts of all employees, personnel, and entities.

8. In committing the acts and/or omissions alleged herein, all defendants acted under color of authority and/or color of law.

9. At all times material herein, defendant VPD Officer Eric Jackson ("JACKSON") was an adult citizen residing in the Central District of California and acting as a duly appointed police officer employed by defendant CITY. He is being sued individually and in his official capacity as a police officer for CITY.

10. Upon information and belief, defendants DOES 1-10 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of defendants

1  DOES 1-10 are presently unknown to Plaintiff. Upon information and belief, at all relevant times
2  herein defendant DOES 1-10 were employees and/or agents of the VPD, acting at all relevant
3  times within the scope of their employment with VPD. Plaintiff will amend this Complaint to
4  allege their true names and capacities when they are ascertained. Plaintiff is informed and
5  believes, and based thereon alleges, that each defendant DOE herein is in some manner
6  responsible for the injuries and damages suffered by Plaintiff.

## GENERAL ALLEGATIONS

11. This action is brought under Title 42 U.S.C. §§1983, 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States. Plaintiff alleges that he was severely beaten by defendant JACKSON without previous command or warning, without regard to standard police procedures, and at a time when he did not pose an immediate threat to defendant JACKSON. At the time of the beating, defendant JACKSON was acting in the course and scope of his employment as a police officer acting under color of law.

12. At all times material herein, defendants DOES 1-10, inclusive, were the immediate supervisor, intermediate supervisor(s) and/or the training officers for defendant JACKSON. DOES 1-10, inclusive, are being sued in their individual capacities, and at the time of the acts complained, were each duly appointed and acting officers employed as such by defendants CITY and VPD, and at the time of the acts hereinafter complained of, each said defendant was acting in the course and scope of such employment and acting under color of law, by promulgating policies and procedures pursuant to which the unlawful conduct occurred.

13. DOES 1 through 10, inclusive were at all times responsible for the hiring, training, supervision, and discipline of the individual officer defendant and were responsible for violation of Plaintiff's rights by failing and refusing, with deliberate indifference to Plaintiff, to intervene to stop the unlawful conduct, and by ratifying the conduct that occurred by agents and officers under their direction and control.

14.     Plaintiff is informed and believes that each defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to Plaintiff.

## STATEMENT OF FACTS

15.     On or about August 8, 2010, at or around 211 E. Santa Clara Street, Ventura, California, Plaintiff was severely beaten by JACKSON without previous command or warning and without regard to standard police procedures.

16.     On or about August 8, 2010, at approximately 10:00 p.m. Plaintiff, friends, and several family members went to the Candlelight Kitchen and Bar in the city of Ventura to have a "going away party." Plaintiff had recently been accepted to the PhD program at Texas A&M University in College Station, Texas. He was set to leave California for Texas on August 10, 2010. Plaintiff, friends, and family members reserved the patio section behind the restaurant where they had a private party.

17.     At approximately 0100 hours, officers of the Ventura Police Department were dispatched to the Candlelight Kitchen and Bar (CANDLELIGHT) for an incident that had occurred inside the bar, unrelated to Plaintiff or his party. Officers ultimately cleared the bar and restaurant and ushered the patrons outside to the parking lot. Plaintiff, and his party, were the last to be notified that they had to clear the patio area and leave the premises.

18.     Plaintiff, and members of his party, decided to walk down Santa Clara Street and get pizza. When they were approximately 200 yards from the CANDLELIGHT plaintiff's sister realized that she had forgotten her purse on the patio. Plaintiff did not want her walking alone back to the CANDLELIGHT so he followed her for her safety.

19.     When Plaintiff and his sister reached the parking lot of the CANDLELIGHT they were confronted by several Hispanic males. One male began making sexual advances towards Plaintiff's sister but he was quickly rebuffed. Plaintiff informed the males that they did not want "any trouble" and just wanted to retrieve his sister's purse from inside the bar.

20. Plaintiff was then hit from behind by one of the Hispanic males and fell to the ground. As soon as he hit the ground he was punched and kicked by the other males. The beating on the ground took several seconds before the Hispanic males got off Plaintiff and fled the scene.

21. Plaintiff got to his feet as soon as the Hispanic males fled. As soon as he reached his feet, Officer JACKSON armed himself with his metal baton and struck Plaintiff several times until he fell to the ground again. JACKSON continued striking Plaintiff with his baton while Plaintiff was on the ground. JACKSON struck Plaintiff on the legs and arms while Plaintiff covered his face.

22. Plaintiff was writhing in pain and screaming that JACKSON had broken his arm. JACKSON, seeing Plaintiff's injuries, immediately called 911. Plaintiff was transported by ambulance to the Ventura County Medical Center.

23. At no point did Plaintiff pose a threat or brandish a weapon to the officers.

24. The above referenced acts or omissions were the proximate and legal cause of the injuries to Plaintiff Gabriel Amaro and were the proximate and legal cause of his damages.

25. As a result of the beating, Plaintiff suffered general and special damages including, but not limited to, pain, discomfort, bruising, anxiety, and he continues to suffer ongoing mental anguish.

26. Plaintiff has fully complied with California Government Code Sections 910 *et seq.* by filing claims with defendants and timely filing his lawsuit thereafter.

27. Defendants are alleged to have maintained or permitted official policies or customs or practices causing or permitting the occurrence of the types of wrongs set forth herein below knowingly, with gross negligence, or with deliberate indifference and, based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989), are liable for all injuries sustained by Plaintiff as set forth herein below. All governmental entities are liable for violations of state law under California Government Code §815.2.

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. §1983
## AGAINST DEFENDANT OFFICER JACKSON

28. Plaintiff realleges paragraphs 1 through 27 as though set forth herein *verbatim*.

29. This action arises under 42 U.S.C. §§1983 and 1988, the United States Constitution and common law principles. By engaging in the conduct described hereinabove, Defendant JACKSON was acting under the color of state law as a police officer, and violated Plaintiff's civil rights afforded to him under the United States Constitution, including his right to be free from excessive and unreasonable force in violation of his rights protected under the Fourth Amendment.

30. As a direct and proximate result of Defendant JACKSONS' wrongful conduct described hereinabove, Plaintiff suffered physical and emotional injuries, including severe bruising, lacerations, abrasions and soft tissue injuries.

31. Plaintiff is informed and believes, and based thereon alleges that, in engaging in the conduct alleged herein, Defendant JACKSON:

    (a) acted with intent to injure, vex, annoy and harass Plaintiff, and

    (b) subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention on the part of the Defendant of thereby depriving Plaintiff of his liberty and legal rights and otherwise caused Plaintiff injury.

32. As a result of the foregoing, Plaintiff seeks exemplary and punitive damages against Defendant JACKSON as well as an award of reasonable attorney's fees and costs according to proof, pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. §1983
## AGAINST DEFENDANTS CITY, VPD, AND DOES 1 – 10, INCLUSIVE, FOR FAILURE TO TRAIN, INVESTIGATE OR SUPERVISE CAUSING CONSTITUTIONAL VIOLATION AND CUSTOM CAUSING CONSTITUTIONAL VIOLATION.

33. Plaintiff realleges paragraphs 1 through 32 as though set forth herein verbatim.

34. Plaintiff is informed and believes and thereon alleges that Defendants CITY, DOES 1-10, and VPD knew, or in the exercise of reasonable care should have known of customs, policies and practices inimical to the free exercise and enjoyment of constitutional rights of its citizens.

35. Defendants CITY, VPD, and DOES 1-10, inclusive, at all times material herein tolerated or maintained the unconstitutional custom, policy or practice of:

    a. Use of excessive force or violence, including but not limited to use of tactics and weapons in a reckless and unreasonable manner;

    b. Writing false police reports and/or giving false testimony;

    c. Derelict supervision of patrol or line officers;

    d. Institutional pressure to conform false testimony, evidence or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline aka "Code of Silence"; in particular, in cases involving the use of weapons upon unarmed suspects, it was a common practice to falsely claim that the force was justified because the arrestee was resisting arrest or attacking the officer.

    e. Sham or deficient investigations of allegations of police misconduct designed to allow police misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the subject or target officers;

    f. Ratification of misconduct to avoid referral for criminal prosecution;

    g. Planting evidence or withholding evidence to favor the involved officer(s)'s version of a disputed and complained of incident of police misconduct;

    h. Public denial or minimization of rampant problems of dishonesty and brutality within the Ventura Police Department;

    i. Failure to properly hire, train, supervise, discipline, terminate or otherwise take appropriate action with regard to persons who are or become unsuitable for police work.

36. As a proximate result of the foregoing unconstitutional municipal customs, policies and/or practices tolerated or maintained, plaintiff's civil rights were violated as aforesaid.

37. Plaintiff claims general and special damages according to proof as a proximate result thereof.

Case 2:12-cv-06735-PSG-MRW   Document 1   Filed 08/06/12   Page 8 of 13   Page ID #:13

38. Plaintiff is informed and believes and thereupon alleges that Defendant JACKSON was the subject of prior complaints of allegations of similar conduct, had been the subject of administrative proceedings and had also been a defendant in federal and state courts wherein the plaintiff(s) alleged violations of their constitutional rights by the defendants in the course and scope of his employment as a VPD police officers and under color of law.

39. Notwithstanding this information and the history of VPD officers, including but not limited to Defendant JACKSON, Defendants CITY, VPD and DOES 1-10, inclusive failed to properly screen applicants and hired persons who were psychologically unfit for duty, who falsified evidence after a police use of excessive force, used unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, and used unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents. The failure to discipline the individual officers for their unconstitutional conduct and for violation of VPD's policy against unjustified use of force and falsifying facts and evidence in an investigation was a ratification of the wrongful conduct.

40. Defendants CITY, VPD and DOES 1-10, inclusive, have a custom or practice which rejects and ignores the prior misconduct of an officer in imposing discipline. As a result, the custom, practice, or policy results in the retention of officers such as Defendant JACKSON who has a propensity to use excessive force, falsify evidence, and violate VPD policy on the investigation of use of force incidents. This condones, ratifies, promotes, and perpetuates officer misconduct and the code of silence, which were moving forces in the violations of Plaintiff's constitutional rights.

**THIRD CLAIM FOR DAMAGES BY PLAINTIFF AGAINST DEFENDANTS JACKSON AND CITY FOR BATTERY.**

41. Plaintiff realleges paragraphs 1 thru 40 as though set forth herein *verbatim.*

42. Plaintiff has fully complied with California Government Code Sections 910 *et seq.* by timely filing claims with defendants and timely filing his lawsuit thereafter.

43. Plaintiff was battered by defendant JACKSON, which resulted in significant injury, including but not limited to extreme pain and suffering and mental anguish.

COMPLAINT

44. Pursuant to the doctrine of *respondeat superior*, Defendant CITY is liable for the misconduct of the individual defendant officer employee which was committed while he was acting in the course and scope of their employment pursuant to Cal. Gov't Code § 815.

45. Plaintiff claims general and special damages according to proof as a proximate result therof.

### FOURTH CLAIM FOR DAMAGES BY PLAINTIFF AGAINST DEFENDANT JACKSON FOR NEGLIGENCE.

46. Plaintiff realleges paragraphs 1 through 45 as though set forth herein *verbatim*.

47. Plaintiff was subjected to use of unnecessary force and arrest by JACKSON. He was negligent in the performance of his police officer tactics and duties and this negligence caused Plaintiff's injuries. JACKSON had a duty to comply and failed to comply with the above stated police tactics and duties. His conduct fell below the standard of care for reasonable police officers, and this breach of duty caused the injuries and damages alleged herein.

### FIFTH CLAIM FOR DAMAGES BY PLAINTIFF AGAINST DEFENDANTS CITY, VPD AND DOES 1-10, INCLUSIVE FOR NEGLIGENT HIRING.

48. Plaintiff realleges paragraphs 1 through 47 as though set forth herein *verbatim*.

49. Defendants VPD and DOES 1-10, inclusive, acting within the course and scope of their employment with Defendant CITY, breached their duty to assure the competence of defendant JACKSON in hiring him, failed to exercise ordinary care under the circumstances herein alleged to evaluate and to assure the competent performance of his duties, and breached their duty of selecting, training, reviewing and periodically evaluating the competency of such police officers created an unreasonable risk of harm to persons such as Plaintiff.

50. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, Plaintiff was injured, and has suffered the damages as alleged above.

### SIXTH CLAIM FOR DAMAGES BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CAL. CIVIL CODE § 52.1

51. Plaintiff realleges paragraphs 1 through 50 as though set forth herein *verbatim*.

52.  The aforesaid acts of defendants and each of them violated said plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the parallel provisions of Article I, Section 13 of the California Constitution, both of which proscribe unreasonable search and seizure by using excessive force against Plaintiff, which is remediable under California Civil Code Section 52.1.

53.  Said acts were threatening, coercive and/or intimidating within the meaning of California Civil Code Section 52.1.

54.  Plaintiff was caused injury, damage and harm in an amount according to proof due to the conduct of the defendants.

55.  Defendants are liable to plaintiff for damages, exemplary and punitive damages, penalties and attorneys' fees as provided in California Civil Code Section 52.1(b).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action and issues which may be determined by jury.

## PRAYER FOR RELIEF

1.  For general damages according to proof;
2.  For special damages, according to proof;
3.  For prejudgment interest according to proof;
4.  For reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988, California Civil Code Section 52.1, and any other applicable provision;
5.  For punitive damages *against the individual defendants only* pursuant to 42 U.S.C. §§ 1983 and 1988 and/or California Civil Code Section 3294, in an amount sufficient to deter and make an example of said defendants; and
6.  For such further relief which is just and proper.

Dated: August 2, 2012

HINKLE LAW FIRM

L. CHRISTOPER HINKLE
Attorney for Plaintiff, Gabriel Amaro

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Gabriel Amaro

**DEFENDANTS**
The City of San Buenaventura, The San Buenaventura Police Department, Officer Eric Jackson, and Does 1-10, Inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
HINKLE LAW FIRM
L. Christopher Hinkle (225302)
484 Mobil Ave., Ste. 17 Camarillo CA, 93010 (805) 437-1712

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Sect 1983 - Using excessive force in performance of duties

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-06735

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| VENTURA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| VENTURA | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  8/2/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL AMARO, an individual<br><br>PLAINTIFF(S)<br>v.<br>THE CITY OF SAN BUENAVENTURA, THE SAN BUENAVENTURA POLICE DEPARTMENT, OFFICER ERIC JACKSON, AND DOES 1-10<br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-06735 VBK<br><br>**SUMMONS** |

TO: DEFENDANT(S): The City of San Buenaventura, The San Buenaventura Police Department, Officer Eric Jackson, And Does 1-10, Inclusive

A lawsuit has been filed against you.

Within __24__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __L. Christopher Hinkle__, whose address is __484 Mobil Ave. Ste 17 Camarillo, CA 93010__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: AUG - 6 2012

Clerk, U.S. District Court

By: **JULIE PRADO**
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                                                              SUMMONS