```
L. Christopher Hinkle (SBN 225302)
EMAIL: chris@chrishinklelaw.com
HINKLE LAW FIRM
484 Mobil Avenue, Suite 17
Camarillo, CA 93010
Telephone: (805) 437-1712
Facsimile: (805) 437-1725

Attorneys for Plaintiff
GABRIEL AMARO
```

FILED
2012 OCT 11 PM 2: 15
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GABRIEL AMARO, an individual

    Plaintiff,

vs.

THE CITY OF SAN BUENAVENTURA, THE SAN BUENAVENTURA POLICE DEPARTMENT, OFFICER ERIC JACKSON, AND DOES 1-10, Inclusive.

    Defendants.

Case No.: CV12-06735-PSG-MRW

Assigned to the Honorable: Philip Gutierrez

FIRST AMENDED COMPLAINT FOR DAMAGES

1. VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983, 4TH AND 14TH Am.)
2. VIOLATION OF CIVIL RIGHTS (Monell and City of Canton)

DEMAND FOR JURY TRIAL

Now comes Plaintiff, Gabriel Amaro, who alleges the following:

**JURISDICTION AND VENUE**

1. This is a first amended complaint for money damages by Plaintiff arising under 42 U.S.C. §§1983 AND 1988. Plaintiff seeks redress for deprivation of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and by the laws and Constitution of the State of California.

1
FIRST AMENDED COMPLAINT

2. Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights) as the cause of action arises under 42 U.S.C. §1983.

3. The acts complained of arose in the Central District of California. Therefore, venue properly lies here pursuant to 28 U.S.C. §1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more defendants reside in or has its principal place of business in the Central District of California.

## PARTIES

4. Plaintiff, Gabriel Amaro, at all times material herein, was an adult citizen residing in Ventura County, California within the jurisdiction of the United States District Court, Central District of California.

5. At all times material herein, defendant City of San Buenaventura (hereinafter "CITY"), was a governmental entity incorporated in 1933 as a charter city duly organized under the laws of the County of Ventura and the State of California. CITY is located in the Central District of California.

6. At all times material herein, defendant Ventura Police Department ("VPD") was a public entity responsible for providing law enforcement for defendant CITY, including hiring, supervising, training, and managing local police officers.

7. At all times mentioned herein, defendant VPD was responsible for overseeing the operation, management, and supervision of its personnel and is liable for the negligent and reckless acts of all employees, personnel, and entities.

8. In committing the acts and/or omissions alleged herein, all defendants acted under color of authority and/or color of law.

9. At all times material herein, defendant VPD Officer Eric Jackson ("JACKSON") was an adult citizen residing in the Central District of California and acting as a duly appointed police officer employed by defendant CITY. He is being sued individually and in his official capacity as a police officer for CITY.

10. Upon information and belief, defendants DOES 1-10 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of defendants DOES 1-10 are presently unknown to Plaintiff. Upon information and belief, at all relevant times herein defendant DOES 1-10 were employees and/or agents of the VPD, acting at all relevant times within the scope of their employment with VPD. Plaintiff will amend this First Amended Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each defendant DOE herein is in some manner responsible for the injuries and damages suffered by Plaintiff.

## GENERAL ALLEGATIONS

11. This action is brought under Title 42 U.S.C. §§1983, 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States. Plaintiff alleges that he was severely beaten by defendant JACKSON without previous command or warning, without regard to standard police procedures, and at a time when he did not pose an immediate threat to defendant JACKSON. At the time of the beating, defendant JACKSON was acting in the course and scope of his employment as a police officer acting under color of law.

12. At all times material herein, defendants DOES 1-10, inclusive, were the immediate supervisor, intermediate supervisor(s) and/or the training officers for defendant JACKSON. DOES 1-10, inclusive, are being sued in their individual capacities, and at the time of the acts

complained, were each duly appointed and acting officers employed as such by defendants CITY and VPD, and at the time of the acts hereinafter complained of, each said defendant was acting in the course and scope of such employment and acting under color of law, by promulgating policies and procedures pursuant to which the unlawful conduct occurred.

13. DOES 1-10, conclusive were at all times responsible for the hiring, training, supervision, and discipline of the individual officer defendant and were responsible for violation of Plaintiff's rights by failing and refusing, with deliberate indifference to Plaintiff, to intervene to stop the unlawful conduct, and by ratifying the conduct that occurred by agents and officers under their direction and control.

14. Plaintiff is informed and believes that each defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to Plaintiff.

## STATEMENT OF FACTS

15. On or about August 8, 2010, at or around 211 E. Santa Clara Street, Ventura, California, Plaintiff was severely beaten by JACKSON without previous command or warning and without regard to standard police procedures

16. On or about August 8, 2010, at approximately 10:00 p.m. Plaintiff, friends, and several family members went to the Candlelight Kitchen and Bar in the city of Ventura to have a "going away party." Plaintiff had recently been accepted to the PhD program at Texas A&M University in College Station, Texas. He was set to leave California for Texas on August 10, 2010. Plaintiff, friends, and family members reserved the patio section behind the restaurant where they had a private party.

17. At approximately 0100 house, officers of the Ventura Police Department were dispatched to the Candlelight Kitchen and Bar (CANDLELIGHT) for an incident that had occurred inside the bar, unrelated to Plaintiff or his party. Officers ultimately cleared the bar and restaurant and ushered the patrons outside to the parking lot. Plaintiff, and his party, were the last to be notified that they had to clear the patio area and leave the premises.

18. Plaintiff, and members of his party, decided to walk down Santa Clara Street and get pizza. When they were approximately 200 yards from the CANDLELIGHT plaintiff's sister realized that she had forgotten her purse on the patio. Plaintiff did not want her walking alone back to the CANDLELIGHT so he followed her for her safety.

19. When Plaintiff and his sister reached the parking lot of the CANDLELIGHT they were confronted by several Hispanic males. One male began making sexual advances towards Plaintiff's sister but he was quickly rebuffed. Plaintiff informed the males that they did not want "any trouble" and just wanted to retrieve his sister's purse from inside the bar.

20. Plaintiff was then hit from behind by one of the Hispanic males and fell to the ground. As soon as he hit the ground he was punched and kicked by the other males. The beating on the ground took several seconds before the Hispanic males got off Plaintiff and fled the scene.

21. Plaintiff got to his feet as soon as the Hispanic males fled. As soon as he reached his feet, Officer JACKSON armed himself with his metal baton and struck Plaintiff several times until he fell to the ground. JACKSON continued striking Plaintiff with his baton while Plaintiff was on the ground. JACKSON struck Plaintiff on the legs and arms while Plaintiff covered his face.

22. Plaintiff was writhing in pain and screaming that JACKSON had broken his arm. JACKSON, seeing Plaintiffs injuries, immediately called 911. Plaintiff was transported by ambulance to the Ventura County Medical Center.

23. At no point did Plaintiff pose a threat or brandish a weapon to the officers.

24. The above referenced acts or omissions were the proximate and legal cause of the injuries to Plaintiff Gabriel Amaro and were the proximate and legal cause of his damages.

25. As a result of the beating, Plaintiff suffered general and special damages including, but not limited to, pain, discomfort, bruising, anxiety, ongoing mental anguish and he continues to live with pain and discomfort in his arm.

26. Plaintiff has fully complied with California Government Code Sections 910 *et seq.* by filing claims with defendants and timely filing his lawsuit thereafter.

27. Defendants are alleged to have maintained or permitted official policies or customs or practices causing or permitting the occurrence of the types of wrongs set forth herein below knowingly, with gross negligence, or with deliberate indifference and, based on the principles set forth in Monnell v. New York City Department of Social Services, 436 U.S. 658 (1978), and City of Canton v. Harris, 489 U.S. 378 (1989), are liable for all injuries sustained by Plaintiff as set forth herein below. All governmental entities are liable for violations of state law under California Government Code §815.2.

**FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. §1983**

**AGAINST DEFENDANT OFFICER JACKSON**

28. Plaintiff realleges paragraphs 1 through 27 as though set forth herein *verbatim*.

29. This action arises under 42 U.S.C. §§1983 and 1988, the United States Constitution and common law principles. By engaging in the conduct described hereinabove, defendant JACKSON was acting under the color of state law as a police officer, and violated Plaintiff's civil rights afforded to him under the United States Constitution, including his right to be free

from excessive and unreasonable force in violation of his rights protected under the Fourth Amendment.

30. As a direct and proximate result of defendant JACKSON'S wrongful conduct described hereinabove, Plaintiff suffered physical and emotional injuries, including severe bruising, lacerations, abrasions and soft tissue injuries.

31. Plaintiff is informed and believes, and based thereon alleges that, in engaging in the conduct alleged herein, defendant JACKSON:

    (a)    acted with intent to injure, vex, annoy and harass Plaintiff, and

    (b)    subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention on the part of the Defendant of thereby depriving Plaintiff of his liberty and legal rights and otherwise caused Plaintiff injury.

32. As a result of the foregoing, Plaintiff seeks exemplary and punitive damages against Defendant JACKSON as well as an award of reasonable attorney's fees and costs according to proof, pursuant to 42 U.S.C. §1988.

**SECOND CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. §1983 AGAINST DEFENDANTS CITY, VPD, AND DOES 1-10, INCLUSIVE, FOR FAILURE TO TRAIN, INVESTIGATE OR SUPERVISE CAUSING CONSTITUTIONAL VIOLATION AND CUSTOM CAUSING CONSTITUTIONAL VIOLATION.**

33. Plaintiff realleges paragraphs 1 through 32 as though set forth herein *verbatim*.

34. Plaintiff is informed and believes and thereon alleges that defendants CITY, DOES 1-10, and VPD knew, or in the exercise of reasonable care should have known of customs, policies and practices inimical to the free exercise and enjoyment of constitutional rights of its citizens.

35. Defendants CITY, VPD and DOES 1-10, inclusive, at all times material herein tolerated or maintained the unconstitutional custom, policy or practice of:

(a) Use of excessive force or violence, including but not limited to, use of tactics and weapons in a reckless and unreasonable manner;

(b) Writing false police reports and/or giving false testimony;

(c) Derelict supervision of patrol or line officers;

(d) Institutional pressure to conform false testimony, evidence or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline aka "Code of Silence"; in particular, in cases involving the use of weapons upon unarmed suspects, it was a common practice to falsely claim that the force was justified because the arrestee was resisting arrest or attacking the officer;

(e) Sham or deficient investigations of allegations of police misconduct designed to allow police misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the subject or target officers;

(f) Ratification of misconduct to avoid referral for criminal prosecution;

(g) Planting evidence or withholding evidence to favor the involved officer(s) version of a disputed and complained of incident of police misconduct;

(h) Public denial or minimization of rampant problems of dishonesty and brutality within the Ventura Police Department;

(i) Failure to properly hire, train, supervise, discipline, terminate or otherwise take appropriate action with regard to persons who are or become unsuitable for police work;

36. As a proximate result of the forgoing unconstitutional municipal customs, policies and/or practices tolerated or maintained, Plaintiff's civil rights were violated as aforesaid.

37. Plaintiff claims general and special damages according to proof as a proximate result thereof.

38. Plaintiff is informed and believes and thereupon alleges that defendant JACKSON was the subject of prior complaints of allegations of similar conduct, had been the subject of administrative proceedings and had also been a defendant in federal and state courts wherein the plaintiff(s) alleged violations of their constitutional rights by defendants in the course and scope of his employment as a VPD police officer and under color of law.

39. Notwithstanding this information and history of VPD officers, including but not limited to defendant JACKSON, defendants CITY, VPD and DOES 1-10, inclusive failed to properly screen applicants and hired persons who were psychologically unfit for duty, who falsified evidence after a police use of excessive force, used unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, and used unreasonable, unconstitutional police tactics to investigate police use of force incidents. The failure to discipline the individual officers for their unconstitutional conduct and for violation of VPD's policy against unjustified use of force and falsifying facts and evidence in an investigation was a ratification of the wrongful conduct.

40. Defendants CITY, VPD and DOES 1-10, inclusive, have a custom or practice which rejects and ignores the prior misconduct of an officer in imposing discipline. As a result, the custom, practice, or policy results in the retention of officers such as defendant JACKSON who

has a propensity to use excessive force, falsify evidence, and violate VPD policy on the investigation of use of force incidents. This condones, ratifies, promotes, and perpetuates officer misconduct and the code of silence, which were moving forces in the violations of Plaintiff's constitutional rights.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action and issues which may be determined by jury.

## PRAYER FOR RELIEF

1. For general damages according to proof;
2. For special damages according to proof;
3. For prejudgment interest according to proof;
4. For reasonable attorneys' fees pursuant to 42 U.S.C. §§1983 AND 1988, and any other applicable provision;
5. For punitive damages against the individual defendants only pursuant to 42 U.S.C. §§1983 AND 1988 in an amount sufficient to deter and make an example of said defendants; and
6. For such further relief which is just and proper.

Dated: October 10, 2012

HINKLE LAW FIRM

By _____
L. Christopher Hinkle
Attorney for Plaintiff, Gabriel Amaro