ARIEL PIERRE CALONNE, State Bar No. 110268
acalonne@ci.ventura.ca.us
City Attorney
ANDY H. VIETS, State Bar No. 127089
aviets@ci.ventura.ca.us
Senior Assistant City Attorney
CITY OF SAN BUENAVENTURA
501 Poli Street
Post Office Box 99
Ventura, California 93002-0099
Telephone: (805) 654-7818
Facsimile: (805) 641-0253

Attorneys for Defendants
CITY OF SAN BUENAVENTURA (erroneously
sued herein as separate defendants "The City of
San Buenaventura" and "The San Buenaventura
Police Department"), and OFFICER ERIC JACKSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL AMARO, an individual, | Case No.: CV12-06735-VBK |
| Plaintiff, | **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** |
| v. | |
| THE CITY OF SAN BUENAVENTAURA, THE SAN BUENAVENTURA POLICE DEPARMENT, OFFICER ERIC JACKSON, and DOES 1 – 10, Inclusive, | |
| Defendants. | |

Defendants City of San Buenaventura and Officer Eric Jackson answer the First Amended Complaint of plaintiff Gabriel Amaro as follows:

///

///

1

## RESPONSE TO ALLEGATIONS

1. Answering paragraphs 1, 2, 3 and 4 of the First Amended Complaint, these answering defendants admit that the plaintiff is making the contentions alleged therein.

2. Answering paragraph 5 of the First Amended Complaint, these answering defendants admit the allegations made therein.

3. Answering paragraphs 6 and 7 of the First Amended Complaint, these answering defendants deny the allegations therein, as the City of Ventura Police Department is not a separate and distinct public entity from the City of San Buenaventura and can therefore not be sued in its own capacity.

4. Answering paragraph 8 of the First Amended Complaint, these answering defendants admit that the plaintiff is making the contentions alleged therein.

5. Answering paragraph 9 of the First Amended Complaint, these answering defendants admit the allegations made in the first sentence; with respect to the second sentence of said paragraph, these answering defendants admit that the plaintiff is making the contentions alleged therein.

6. Answering paragraph 10 of the First Amended Complaint, these answering defendants admit that the plaintiff is making the contentions alleged therein.

7. Answering paragraph 11 of the First Amended Complaint, these answering defendants deny the allegations made therein.

8. Answering paragraphs 12 and 13 of the First Amended Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein.

9. Answering paragraphs 14 and 15 of the First Amended Complaint, these answering defendants deny the allegations made therein.

10. Answering paragraph 16 of the First Amended Complaint, these answering defendants have insufficient facts to admit or deny the allegations made therein.

11.     Answering paragraphs 17-21 of the First Amended Complaint, these answering defendants deny the allegations made therein.

12.     Answering paragraph 22 of the First Amended Complaint, these answering defendants deny the allegations made therein, except that they admit that medical assistance was summoned for the plaintiff.

13.     Answering paragraphs 23-26 of the First Amended Complaint, these answering defendants deny the allegations made therein.

14.     Answering paragraphs 27 and 28 of the First Amended Complaint, these answering defendants admit that the plaintiff is making the contentions alleged therein.

15.     Answering paragraphs 29-31 of the First Amended Complaint, these answering defendants deny the allegations made therein.

16.     Answering paragraphs 32-34 of the First Amended Complaint, these answering defendants admit that the plaintiff is making the contentions alleged therein.

17.     Answering paragraphs 35-36 of the First Amended Complaint, these answering defendants deny the allegations made therein.

18.     Answering paragraph 37 of the First Amended Complaint, these answering defendants admit that the plaintiff is making the contentions alleged therein.

19.     Answering paragraphs 38-40 of the First Amended Complaint, these answering defendants deny the allegations made therein.

Prayer.     These answering defendants deny the allegations made therein.

## AFFIRMATIVE DEFENSES

1.     At all times herein mentioned, plaintiff knew of the risks involved in his actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risks; that by reason of the premises, plaintiff is barred from recovery herein.

2.     The incident mentioned in plaintiff's First Amended Complaint and the resultant damages and/or injuries, if any, sustained by plaintiff, were directly and proximately caused and contributed to by the negligence, carelessness, and/or

recklessness of the plaintiff in that at about the time and place set forth in plaintiff's First Amended Complaint, the plaintiff failed to use due care and caution and circumspection for his own safety and the damages, if any, recoverable by said plaintiff shall be and will be diminished in proportion to the amount of fault attributable to said plaintiff.

3. These answering defendants allege that any injury or damage, or loss, if any, complained of by the plaintiff herein was not only proximately caused and contributed to, but was solely, directly and proximately caused by negligence on the part of plaintiff in that plaintiff did not exercise ordinary care on his own behalf at the time and place as set forth in the First Amended Complaint on file herein.

4. The injuries and damages alleged by plaintiff, if any, were proximately caused by the negligence and liability of other parties, and defendants request that an allocation of such negligence and liability be made among such other parties, and that if any liability is found on the part of defendants, that judgment against defendants be only in the amount which is proportionate to the extent and percentage by which defendants' acts or omissions contributed to plaintiff's injuries or damages.

5. Plaintiff has failed to mitigate his damages and/or injuries.

6. The First Amended Complaint, and each of its claims, fails to state facts sufficient to constitute a claim.

7. The First Amended Complaint is barred by the qualified immunity doctrine.

8. At all times herein mentioned, any injury to plaintiff arose out of the course of employment, for which plaintiff has, or is entitled to receive, workers' compensation benefits; plaintiff's employer and its employees, including plaintiff, were acting within the scope of their said employment, and were themselves negligent in that they failed to exercise ordinary care under the circumstances, failed to provide plaintiff with a safe place of employment, failed to comply with certain other safety requirements, and otherwise acted in willful and wanton disregard for the safety of

plaintiff and others; that said wrongful conduct proximately caused any injuries and damages to plaintiff; by reason of the premises, any recovery by plaintiff must be reduced by the amount of workers' compensation benefits paid to or to be paid.

### DEMAND FOR JURY TRIAL

Defendants City of San Buenaventura and Officer Eric Jackson hereby demand a jury trial.

### PRAYER

Wherefore, defendants City of San Buenaventura and Officer Eric Jackson pray:

1. That the First Amended Complaint be dismissed and that plaintiff take nothing;

2. For attorneys fees and costs; and

3. For such other and further relief as the Court deems just and proper.

Dated: October 2 5, 2012

OFFICE OF THE CITY ATTORNEY
CITY OF SAN BUENAVENTURA

By: _____
Andy H. Viets
Senior Assistant City Attorney
Attorneys for Defendants
CITY OF SAN BUENAVENTURA
and OFFICER ERIC JACKSON