1  ARIEL PIERRE CALONNE, State Bar No. 110268
   acalonne@ci.ventura.ca.us
2  City Attorney
   ANDY H. VIETS, State Bar No. 127089            **NOTE COURT'S CHANGES TO**
3  aviets@ci.ventura.ca.us                        **PARAGRAPH D.3.**
   Senior Assistant City Attorney
4  CITY OF SAN BUENAVENTURA
   501 Poli Street
5  Post Office Box 99
   Ventura, California 93002-0099
6  Telephone: (805) 654-7818
   Facsimile: (805) 641-0253
7
   Attorneys for Defendants
8  CITY OF SAN BUENAVENTURA (erroneously
   sued herein as separate defendants "The City of
9  San Buenaventura" and "The San Buenaventura
   Police Department"), and OFFICER ERIC JACKSON
10

11                 UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13

14  GABRIEL AMARO, an  individual,    )    Case No. CV 12-06735-MRW
                                      )
15            Plaintiff,              )    *DISCOVERY MATTER*
          v.                          )
16                                     )    [~~PROPOSED~~] **PROTECTIVE**
   CITY OF SAN BUENAVENTURA,          )    **ORDER**
17  THE SAN BUENAVENTURA POLICE       )
   DEPARTMENT, OFFICER ERIC           )
18  JACKSON AND DOES 1-10, Inclusive, )
                                      )
19            Defendants.             )
   _____    )
20

21        Pursuant to the stipulation entered into among plaintiff Gabriel Amaro and

22  defendants City of San Buenaventura [City] and Officer Eric Jackson [Jackson], by and

23  through their attorneys of record, the court orders:

24        1.    A protective order is hereby issued as follows:

25  / / /

26  / / /

27  / / /

28  / / /

A.     The documents produced pursuant to the protective order will be [numbered pursuant to the plaintiff's Request for Production of Documents and Things (Set One)]:

1.   Use of Force Report

2.   Personal History Statement

3.   Psychological Report

4.   None

5.   Training Log

6.   Disciplinary Records

7.   None

8.   Disciplinary Policy

9.   None

10.  Evaluations

The defendants may (a) limit the production to those documents created prior to August 8, 2010, and (b) redact irrelevant, privileged, confidential and personal information from said documents.

B.     The documents produced pursuant to the protective order will be deemed confidential and shall be used solely with respect to the litigation of this action.

C.     The documents produced pursuant to the protective order shall be marked "Confidential – Subject to Protective Order;" copies of said documents which are provided to the individuals listed in paragraph D below shall contain that label.

D.     The documents produced pursuant to the protective order may be provided only to the following individuals:

(1) The plaintiff's attorney and staff directly employed by said attorney.

(2) Experts and consultants retained by the plaintiff's counsel.

(3) The Court and all Court personnel involved in handling this lawsuit.

(4) Anyone agreed to by the parties or appointed by the court to be a mediator or settlement officer with respect to this matter.

The plaintiff's counsel shall maintain a list detailing which of these documents are

2

produced to which of these individuals. Any such individual who is provided with copies of the documents shall be given a conformed copy of the protective order and shall be instructed not to disseminate the documents or any information therein to anyone. If said individual is a mediator or settlement officer under paragraph D(4), above, the documents shall be retrieved from said individual at the conclusion of the mediation or settlement procedure session.

E.      The documents produced pursuant to the protective order shall not be provided to, shown via any method, or described in any manner to anyone other than those individuals listed in paragraph D above, and specifically shall not be provided to, shown via any method, or described in any manner to the plaintiff, the plaintiff's relatives, the plaintiff's friends or any media (television, radio, newspaper, magazine, internet, etc.), and shall not be posted on any internet site, blogs, etc. (Facebook, Twitter, etc.).

F.      If a document produced pursuant to the protective order is referred to during any deposition conducted in this case, those portions of the deposition transcript and video of the deposition, if any, in which reference is made to said document shall be subject to the protective order and shall not be reproduced or disseminated to anyone other than those individuals listed in paragraph D above.

G.      Any document produced pursuant to the protective order which the plaintiff seeks to use in a court proceeding regarding this matter shall be submitted to the court under seal as per Local Rule 79-5.

H.      The documents produced pursuant to the protective order, and any copies made thereof, along with the list referenced in paragraph D above, shall be delivered to the defendants' attorney within thirty days of the conclusion of this action (the term "conclusion" refers to the action being voluntarily dismissed or all appeals from judgment being exhausted).

2.      The defendants (a) do not concede the admissibility in court of any of the produced documents, (b) reserve any and all objections to the documents being admitted into evidence, and (c) preserve any all means of seeking to exclude said documents from

1  evidence.

2          3.      Production of the documents subject to this stipulation shall be produced to

3  the plaintiff's counsel within ten calendar days of the Protective Order being filed by the

4  court and entered on the PACER docket.

5

6  Dated: July 1, 2013                            _____

7                                                 Magistrate Judge Michael R. Wilner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Protective Order